## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 12-20083-03-KHV** |
| SADIE JOLYNN BROWN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion To Allow Defendant To Withdraw Plea</u> (Doc. #1561) filed November 18, 2014.  For reasons stated below, the Court overrules defendant's motion.

### Legal Standards

After the Court accepts a plea, but before it imposes sentence, a defendant may withdraw a plea of guilty if she shows a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B).  In analyzing whether defendant has shown a fair and just reason for withdrawal, the Court ordinarily considers the following factors:

> (1) whether the defendant has asserted [her] innocence; (2) whether withdrawal would prejudice the government; (3) whether the defendant delayed in filing [her] motion, and if so, the reason for the delay; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available to the defendant; (6) whether the plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources.

<u>United States v. Sandoval</u>, 390 F.3d 1294, 1298 (10th Cir. 2004) (citations omitted).  Unless a defendant shows a fair and just reason for withdrawal, the Court need not consider prejudice to the government.  <u>United States v. Hickok</u>, 907 F.2d 983, 986 (10th Cir. 1990).  A plea of guilty is "a solemn act not to be disregarded because of belated misgivings about its wisdom." <u>United States</u>

v. Green, 521 F.3d 929, 931 (8th Cir. 2008) (quotations and citations omitted).

## Analysis

**I.      Defendant's Assertion Of Innocence**

The mere assertion of innocence is insufficient unless defendant presents some credible claim of legal innocence.  See United States v. Byrum, 567 F.3d 1255, 1264 (10th Cir. 2009); United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007); see also United States v. Hickok, 907 F.2d 983, 985 n.2 (10th Cir. 1990) (assertion of subjective belief in defendant's own innocence does not mandate withdrawal of guilty plea).  As defendant notes, she does not assert that she is innocent of the charges.  Defendant has apparently had a change of heart about the deal which she struck with the government in light of the relationship between her guideline range and the statutory minimum punishment.  Defendant's change of heart, without more, is insufficient.  See Byrum, 567 F.3d at 1265; Hickok, 907 F.2d at 986.  This factor favors the government.

**II.      Prejudice To Government**

Some degree of prejudice is inevitable when the Court permits a defendant to withdraw her plea.  This factor slightly favors the government.

**III.      Unreasonable Delay**

Defendant entered her guilty plea on February 28, 2013, but she waited more than 20 months to file her motion to withdraw her plea until shortly before sentencing.  The delay is not reasonable. See, e.g., United States v. Gibson, 176 F.3d 489, 1999 WL 298181, at *3 (10th Cir. 1999) (Table) (three-month delay weighed against defendant); United States v. Rowzer, 80 F. Supp.2d 1212, 1219 (D. Kan. 1999) (delay of eight weeks too long), aff'd, 18 Fed. Appx. 702 (10th Cir. 2001); United States v. Stewart, 51 F. Supp.2d 1147, 1152 (D. Kan. 1999) (delay of six weeks unreasonable), aff'd,

215 F.3d 1338 (10th Cir. 2000).  This factor favors the government.

## IV.     Inconvenience To Court

The fourth factor favors the government because any withdrawal of a plea is inconvenient to the Court.  Further, defendant waited until after the Court conducted a lengthy trial of her co-defendants to enter a plea and delayed filing her motion to withdraw until shortly before sentencing. The inconvenience weighs against withdrawal of the plea.

## V.     Whether Close Assistance Of Counsel Was Available

At the change of plea hearing, defendant stated that she was satisfied with the representation by counsel, Jeffrey Leiker.  In March of 2014, some 12 months after her plea of guilty, defendant alleged that Mr. Leiker provided ineffective assistance because he did not fully investigate the case before she pled guilty and he did not routinely communicate with defendant after the change of plea hearing.   Based on defendant's allegations, the statements of defendant and Mr. Leiker that communications had completely broken down, and the fact that sentencing was not scheduled for some three months, on July 10, 2014, Magistrate Judge James P. O'Hara granted defendant's request for new counsel and appointed James Campbell.  Since April 14, 2014, defendant has had the assistance of Mr. Campbell to discuss any potential issues related to prior counsel and the upcoming sentencing.  On balance, this factor is neutral.

## VI.     Voluntariness Of Plea

The sixth factor, whether the plea was knowing and voluntary, strongly favors the government.  To ascertain whether defendant knowingly and voluntarily entered her plea, the Court evaluates the language of the plea petition and the Rule 11 colloquy.  Here, Judge O'Hara conducted a thorough inquiry at the plea hearing.  At that time defendant affirmed that she understood the

charges against her, the mandatory minimum prison term of 10 years, the rights which she was waiving and the factual basis for her plea.  Defendant acknowledged that no one had forced or threatened her to enter the plea and that the reason she was making it was that she was in fact guilty as charged.  In sum, the language of the plea petition and the Rule 11 colloquy establishes that defendant's plea was knowing and voluntary.

Based on a review of the plea agreement and the colloquy with defendant at the change of plea hearing, the Court finds that defendant fully understood that she was subject to a *statutory* minimum sentence of 10 years in prison and a maximum sentence of life in prison.  See Plea Agreement (Doc. #328) ¶ 1.  Defendant did not previously claim any misunderstanding with Mr. Leiker on this issue.  Indeed, some eight months ago, defendant acknowledged that she signed a plea agreement "with a minimum mandatory sentence of 10 years."  Complaint filed with Kansas Disciplinary Administrator at 5, attached to defendant's Motion To Appoint New Counsel (Doc. #1227) filed March 19, 2014.  Defendant does not explain why she did not raise this issue immediately after she received the preliminary presentence investigation report on March 18, 2014 or the final presentence investigation report on July 11, 2014.  Both of those reports calculated a guideline range of 87 to 108 months, but noted that because the statutory minimum of 120 months was greater than the maximum of the applicable range, the guideline term of imprisonment was 120 months.  Defendant had an opportunity to raise this issue at the hearing on April 11, 2014 before Judge O'Hara, but she did not so.  Indeed, at that hearing, defendant stated that she did not intend to withdraw her plea and that she understood that even with a new attorney, the sentencing set for July 10, 2014 would likely go forward as planned.  Defendant did not express any surprise by the 120-month sentence which was suggested in the presentence investigation report and she did not

-4-

include that matter as a basis for her motion for new counsel.  At the hearing on defendant's motion for new counsel, Judge O'Hara noted that defendant had really suffered no prejudice from counsel's alleged performance.  Judge O'Hara granted defendant's motion for new counsel primarily because of the breakdown in communication between counsel and defendant, not because of any finding that Mr. Leiker provided ineffective assistance.

Defendant claims that she was induced to enter the plea agreement by the government's promise that it would recommend an additional two-level reduction in her offense level for early acceptance.  Defendant argues that the government's promise was "meaningless" because she was subject to a mandatory minimum sentence.  As explained above, defendant understood that the mandatory minimum sentence was 10 years in prison.  In other words, defendant knew that the government's recommendation would only impact her sentence if her guideline range was above the 10-year mandatory minimum.  In addition, at the change of plea hearing, defendant acknowledged that no one could guarantee that she would receive any benefit in terms of her sentence as a result of her decision to plead guilty.

Defendant essentially argues that counsel erroneously predicted that her sentencing range would be greater than 120 months such that the additional two-level reduction for an early plea would be meaningful.  An erroneous guideline estimate, like an erroneous sentence estimate, does not render a plea involuntary.  See United States v. Bridges, 68 Fed. Appx. 896, 900 (10th Cir. 2003) (plea voluntary; prediction of no more than 60 months, sentence of 175 months); Wellnitz v. Page, 420 F.2d 935, 936 (10th Cir. 1970) (plea voluntary; prediction of 25 years, sentence of 100 years); see also United States v. Gonzalez, 209 Fed. Appx. 842, 846 (10th Cir. 2006) (erroneous estimate of nine to 15 years in prison does not invalidate plea despite life sentence); Fields v. Gibson, 277

F.3d 1203, 1213-14 (10th Cir. 2002) (plea voluntary when attorney advised defendant that plea would lessen chance of death penalty and court nevertheless imposed death penalty); Braun v. Ward, 190 F.3d 1181, 1189 (10th Cir. 1999) (plea voluntary because defendant took chances by relying on attorney's good-faith advice and no evidence of guarantees or promises); Cunningham v. Diesslin, 92 F.3d 1054, 1061 (10th Cir. 1996) (defendant's subjective understanding not based upon promise made by defense attorney, prosecutor or court will not undermine constitutionality of plea); Thomas v. Kerby, 44 F.3d 884, 886 (10th Cir. 1995) (counsel may have estimated and petitioner may have expected sentence substantially less than 20 years imposed but such circumstances do not invalidate plea or render it involuntary); Stout v. United States, 508 F.2d 951, 953 (6th Cir. 1975) (plea not involuntary merely because prediction that guilty plea would result in light sentence did not come true).[1] Here, the presentence report calculated defendant's offense level at 29, subject to a two-level departure based on defendant's early plea for a final revised offense level of 27, which is near the middle of the range that Mr. Leiker predicted.[2] Accordingly, counsel's advice to accept the early

---

[1]    The Supreme Court has noted that "[w]aiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts. That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing." McMann v. Richardson, 397 U.S. 759, 770 (1970); see also United States v. Broce, 488 U.S. 563, 572 (1989) (possibility that plea might have been influenced by erroneous assessment of sentencing consequences did not render plea invalid); Brady v. United States, 397 U.S. 742, 757 (1970) (absent misrepresentation or other impermissible conduct by state agents, voluntary plea of guilty intelligently made in light of then applicable law does not become vulnerable because later judicial decisions indicate that plea rested on faulty premise).

[2]    In defendant's factual statement (Doc. #1227-1) in support of her motion for new counsel filed March 19, 2014, she complained that Mr. Leiker gave her a vague answer when she asked him about her offense level. Defendant reported that Mr. Leiker told her that her offense level could be as high as 32-36 or as low as 18-22 but that he would not know for sure until he received
(continued...)

plea deal, which was apparently based in part on a prediction that defendant may be subject to a sentencing range of more than 120 months, was not deficient.

Defendant claims that Mr. Leiker should have secured the government's agreement to recommend a sentence at the low end of the guideline range.  See Motion To Allow Defendant To Withdraw Plea (Doc. #1561) at 6.  Defendant has not shown that the government routinely agrees to such provisions in similar cases.  In the plea agreement, the government did agree not to recommend a sentence greater than the high end of the sentencing guideline range in exchange for defendant's agreement not to request a sentence lower than the low end of the sentencing guideline range.  See Plea Agreement (Doc. #834) ¶ 4.  In the plea agreement, the government also agreed that at the time of sentencing, it would move to dismiss the remaining counts of the Superseding Indictment and that it would not file any additional charges against defendant arising out of the facts forming the basis of the Superseding Indictment.  See Plea Agreement (Doc. #834) ¶¶ 1, 6a.  The plea agreement, which includes provisions similar to those in other plea agreements before the undersigned judge, is not so one-sided as to suggest that defense counsel was deficient by advising defendant to enter into it.[3]

---

[2](...continued)
the PSI.

[3]        Defendant also argues that the presentence investigation report does not address the additional two level reduction for early acceptance of a plea, see Motion To Allow Defendant To Withdraw Plea (Doc. #1561) at 6, but the report specifically address the issue as follows:

> The probation officer has identified the following as potential grounds for departure: 5K3.1 Early Disposition Programs.  Pursuant to the plea agreement, the Government has recommended the defendant's offense level be reduced by two additional levels, in the same manner as the reduction for acceptance of responsibility, pursuant to the policy established by the United States Attorney for the District of Kansas
> (continued...)

This factor strongly favors the government.

## VII.   Waste Of Judicial Resources

The seventh factor slightly favors the government because any withdrawal of a plea wastes judicial resources.

## VIII.   Balance of Factors

After carefully balancing the above factors, the Court overrules defendant's motion to withdraw her plea of guilty.  In sum, defendant has not shown a "fair and just reason for requesting the withdrawal" of her plea.  Fed. R. Crim. P. 11(d)(2)(B).

**IT IS THEREFORE ORDERED** that defendant's <u>Motion To Allow Defendant To Withdraw Plea</u> (Doc. #1561) filed November 18, 2014 be and hereby is **OVERRULED**.

Dated this 25th day of November, 2014 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge

---

[3](...continued)
concerning early pleas in this particular complex case.

<u>Presentence Investigation Report</u> (Doc. #1414) ¶ 202.

-8-